IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| JAMES L. PEREZ, | ) |
| Plaintiffs, | ) Case No. 16-cv-7481 |
| v. | ) Judge Robert M. Dow, Jr. |
| STAPLES CONTRACT & COMMERCIAL LLC, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's bill of costs. [240]. For the reasons set forth below, the Court grants Defendant's bill of costs in part and awards Defendant $6,208.05 in costs.

**I.    Background**

The Court entered summary judgment in favor of defendant [238] and denied Plaintiff's motion to alter or amend that judgment [259]. The Defendant filed a bill of costs [240] totaling $7,727.55. The costs requested include (1) fees of the Clerk, (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case, (3) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case, and (4) messenger delivery costs. Plaintiff objects to several of these costs. [247]. The court now considers independently "whether the costs are allowable and, if so, whether they are both reasonable and necessary." *Soler v. Waite*, 989 F.2d 251, 255 (7th Cir. 1993).

**II.    Legal Standard**

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees— should be allowed to the prevailing party." "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469

F.3d 631, 634 (7th Cir. 2006). The party seeking an award of cost carries the burden of proving that the requested costs were reasonable and incurred necessarily. *Trs. of Chi. Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). If and when the prevailing party shows that the sought-after items of cost should be allowed, the losing party then bears the burden of affirmatively proving that the taxed costs are inappropriate. *Se-Kure Controls, Inc. v. Vanguard Prods. Grp., Inc.*, 873 F. Supp. 2d 939, 944 (N.D. Ill. 2012) (citing *Beamon v. Marshall & Illsey Tr. Co.*, 411 F.3d 854, 864 (7th Cir. 2005)). "[T]he decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. General Revenue Corp.*, 568 U.S. 371, 377 (2013).

Charging costs from the losing party requires two inquiries: (1) whether the cost is recoverable and (2) whether the amount assessed is reasonable. See *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). The list of costs recoverable according to 28. U.S.C. § 1920 are (1) clerk fees, (2) transcript fees, (3) witness fees and expenses, (4) fees for copies of papers obtained out of necessity, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. See *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 481 F.3d 442, 447 (7th Cir. 2007). Costs incurred merely for one's own convenience are not necessary and therefore not recoverable. See *Hecny Transp., Inc. v. Chu*, 2005 WL 2347228, at *2 (N.D. Ill. Sept. 23, 2005).

### III. Analysis

#### A. Indigency

Plaintiff seeks to invoke the indigency exception to Rule 54. [247, at 1–2]. To avail himself of this exception, Plaintiff bears the burden to provide this Court with "sufficient documentation * * * in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses" such that the Court can make a factual finding that

Plaintiff is "incapable of paying the court-imposed costs at this time or in the future." *Id.* (citation and internal quotation marks omitted). After that showing is made, the Court will consider "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* "Actual indigency, not merely limited financial resources, must be demonstrated." *Tumas v. Bd. of Educ. of Lyons Twp. High Sch. Dist. No. 204*, 2008 WL 611601, at *1 (N.D. Ill. Feb. 29, 2008).

Here, Plaintiff submitted an affidavit explaining that he and his wife are suffering financial hardship based on unexpected medical expenses, home repairs, lost income due to health issues, and lost income due to the COVID-19 pandemic. [248, at 2–3]. Plaintiff avers that he and his wife "are struggling to pay [their] bills and avoid bankruptcy." [*Id.*, at 3]. He explains that his income has been lower than it has been in years past. However, he never states what his income and assets are, and does not provide details about expenses. Without this information, the Court cannot determine whether Plaintiff is "incapable of paying the court-imposed costs at this time or in the future." *Rivera*, 469 F.3d at 635. And without this determination, the Court cannot waive or reduce fees based on Plaintiff's financial status. *Id.*

### B. Filing Fee

Defendant seeks to recover the $400 filing fee paid to present this case before the Court for litigation; Plaintiff does not object to this cost. Under 28 U.S.C. § 1920(1), fees of the Clerk are recoverable, provided they are reasonable and necessary. The expense appears reasonable and necessary as the docket indicates that this fee was required to remove this case to federal court. See *Cervantes v. Ardagh Grp.*, 2019 WL 1923395, at *3 (N.D. Ill. Apr. 30, 2019) (permitting fee paid to clerk for removing case to federal court). Accordingly, the Court awards $400.00 in filing fees.

C.    **Printed and Electronically Recorded Transcripts**

Defendant seeks to recover $6,491.85 in fees for printed and electronically recorded transcripts. [240, at 1–4]. $4,354.85 of these fees are for court reporter attendance fees and paper copies of the deposition transcript. The remainder are for expenses incurred by videotaping four depositions. Plaintiff objects to the videotaping costs. [247, at 2–6].

1.    **Court Reporter Attendance and Transcript Fees**

The Court awards charges for depositions of transcripts if the deposition seems reasonable and necessary given the known facts at the time of the deposition. See *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) (per curiam). According to Northern District of Illinois Local Rule 54.1(b), the costs of a transcript cannot exceed the regular copy rate established by the Judicial Conference of the United States. That rate at the time of each deposition was $3.65 per page for an Ordinary Transcript.[1] The Court may also award court reporter appearance fees. See *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998) ("As for the deposition attendance fees charged by the court reporter, we have previously held that even though these fees are not specifically mentioned in the statute, the district court may award them in its discretion pursuant to 28 U.S.C. § 1920(2)."). These costs should not exceed the rate established by the Judicial Conference of the United States under Local Rule 54.1(b). The published rates are $110.00 for one half day (four hours or less) and $220.00 for one full day attendance fee.

Defendant provided invoices and an affidavit in support of its demand for reimbursement for transcripts and court reporter fees for eleven depositions. [240-2; 242]. These invoices and affidavit support its request for all deposition transcripts, and the page rate and court reporter attendance fee fall within the limits set by the Judicial Conference of the United States. Plaintiff

---

[1] See Transcript Rules, http://www.ilnd.uscourts.gov/Pages.aspx?page=transcriptrates

does not object to the fees related to obtaining written transcripts, and the Court awards Defendant $4,354.85 for court reporter attendance and transcript costs.

### 2. Videorecording Fees

Defendant seeks to recover $2,137 in fees incurred for videotaping the depositions of Plaintiff and Defendant's current or former employees Deidra Zarrella, Mike Young, and Dan DeSousa. Plaintiff objects to these fees in part because Defendant also received a stenographic transcript for those deposition. [247, at 2–6]. In 2008, the Seventh Circuit found that a party may recover for the cost of both a stenographic transcript and video recording of a deposition provided both are reasonably necessary. See *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008). "Generally, '[c]ourts in this circuit will not award costs for videotaping depositions where a transcript was also purchased.'" *SP Techs., LLC v. Garmin Int'l, Inc.*, 2014 WL 300987, at *5 (N.D. Ill. Jan. 10, 2014) (quoting *Delgado v. Vill. of Rosemont*, 2006 WL 3147695, at *8 (N.D. Ill. Oct. 31, 2006); see also *Martinez v. City of Chicago*, 2017 WL 1178233, at *20 (N.D. Ill. Mar. 30, 2017), aff'd, 900 F.3d 838 (7th Cir. 2018).

With respect to Plaintiff's deposition, Defendant argues that videorecording it was reasonable and necessary in order to use the video at trial for impeachment purposes. [250, at 1–2]. However, many courts in this district have rejected this argument, and this Court follows suit. See *The Medicines Co. v. Mylan Inc.*, 2017 WL 4882379, at *6 (N.D. Ill. Oct. 30, 2017); *Gross v. Town of Cicero*, 2007 WL 188038, at *2 (N.D. Ill. Jan. 19, 2007); *BCS Ins. Co. v. Guy Carpenter & Co.*, 2006 WL 1343218, at *2 (N.D. Ill. May 12, 2006); *Engate, Inc. v. Esquire Deposition Servs. LLC*, 2006 WL 695650, at *2 (N.D. Ill. Mar. 13, 2006); *Rockett v. Marten Transp., Ltd.*, 2002 WL 54545, at *1 (N.D. Ill. Jan. 15, 2002). Further, there wasn't a risk of Plaintiff not being present at his own trial. Cf. *United States v. Woodward Governor Co.*, 2016 WL 2755324, at *5

(N.D. Ill. May 12, 2016) (permitting party to recover costs for videorecording depositions when "there was a real risk that they would not be available to testify at trial"); *Wells v. Johnson*, 2012 WL 3245955, at *3 (N.D. Ill. Aug. 6, 2012) (concluding that a video deposition "was reasonably necessary, given the parties' uncertainty as to whether [the deponent] would appear to testify at trial"). Accordingly, the Court sustains Plaintiff's objections to Defendant's request for $1,519.50 in costs related to videorecording Plaintiff's deposition.

Plaintiff also objects to $617.50 in fees related to videorecording the depositions of three Staple's employees. However, as Defendant notes, Plaintiff noticed these as videotaped depositions. [250-1]. "It would be unfair to allow Plaintiff[] access to video recordings of transcripts for possible use at trial and to deny" Defendant access to these same recordings. *In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 856 (N.D. Ill. 2015); see also *Cooper v. City of Chicago*, 2018 WL 3970141, at *11 (N.D. Ill. Aug. 20, 2018). Therefore, the Court overrules Plaintiff's objections to these costs.

### D. Exemplification and Copy Fees

Defendant seeks to recover a total of $590.80 in exemplification and copying fees of exhibits. Fees associated with exemplification and the fees associated with making copies qualify under § 1920(4). Plaintiff does not object to the documents that were copied; instead, Plaintiff objects to the 20-cents-per-page rate used by Defendant because Staples stores offers copy services to the general public starting at 13 cents per page. [247, at 6]. However, Plaintiff does not cite to any authority indicating that a party is required to avail themselves of retail copying services, and courts in this district find that a 20-cents-per-page rate is reasonable, "even when the taxed party submits documentation that a local copy shop charges a lower rate." *Rodriguez v. City of Chicago*, 2019 U.S. Dist. LEXIS 178057, at *6 (N.D. Ill. Oct. 15, 2019); see also *Jones v. Chicago Bd. of*

*Educ.*, 2013 WL 2422653, at *2 (N.D. Ill. June 3, 2013) ("The $0.20 per page copying rate is a reasonable one."); *Allen v. City of Chicago*, 2013 WL 1966363, at *4 (N.D. Ill. May 10, 2013) (collecting cases). Accordingly, the Court overrules Plaintiff's objection to these fees.

### E. Messenger Delivery Costs

Finally, Plaintiff objects to the $244.90 in fees Defendant seeks for messenger deliveries of courtesy copies, arguing that such costs are an unrecoverable ordinary business expense. [247, at 6–7]. To Plaintiff's point, courts have considered messenger delivery costs to be ordinary business expenses. See, *e.g.*, *Haywood v. Evergreen Motor Cars, Inc.*, 2003 WL 22220121, at *2 (N.D. Ill. Sept. 25, 2003). However, in 2008 the Seventh Circuit explained it "has construed section 1920 to include amounts spent on filing fees, postage, telephone calls and delivery charges." *Tchemkou v. Mukasey*, 517 F.3d 506, 512 (7th Cir. 2008). Given the Seventh Circuit's clear statement on delivery charges, the Court overrules Plaintiff's objection to these fees. See *Fidlar Techs. v. LPS Real Est. Data Sols., Inc.*, 2016 WL 4706927, at *2 (C.D. Ill. Sept. 8, 2016) (relying on *Tchemkou* to permit courier expenses and messenger service fees).

### IV. Conclusion

For the reasons stated above, the Court grants in part Defendant's bill of costs by awarding Defendant $6,208.05.

Dated: September 3, 2021

Robert M. Dow, Jr.
United States District Judge